IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE R. COX and SANDRA S. COX,    NO.  MISC.S-05-0474 WBS DAD PS

      Petitioners,

  v.                               FINDINGS AND RECOMMENDATIONS

UNITED STATES OF AMERICA,

      Respondent.

_____/

      This matter came before the court on February 3, 2006, for hearing on petitioners' petition to quash four Internal Revenue Service ("IRS") summonses. There was no appearance on behalf of petitioners Jimmie R. Cox and Sandra S. Cox, who are proceeding pro se. Justin S. Kim, Trial Attorney of the Tax Division of the United States Department of Justice, appeared on behalf of respondent.[1]

---

[1] There was no appearance on behalf of the third parties to whom the summonses were issued. The order setting the petition to quash for hearing allowed the third parties through January 27, 2006, to file any response to the petition and directed respondent to serve that order on the third parties. Respondent has filed proof that it has served the court's order as directed. (See Doc. no. 5.)

1

**ANALYSIS**

Petitioners filed their petition to quash summonses on October 12, 2005, pursuant to 26 U.S.C. §§ 7609(b) and (h). The petition challenges summonses issued on September 21, 2005, by IRS Revenue Agent Denise Censire to Bank of America; Dovenmuchle Mortgage, Inc.; and U.S. Bank. The fourth challenged summons was issued on September 28, 2005, by Agent Censire to Gold Country Bank.

In opposing the petition to quash,[2] respondent accurately indicates that the legal standards applicable to a petition to quash a summons are the same as those applicable to a motion to enforce a summons. Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999). Those standards are the requirements and test stated in United States v. Powell, 379 U.S. 48 (1964). The Ninth Circuit has summarized those well-established requirements as follows:

> To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 254-55 (1964). The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn statement of the revenue agent who issued the summons declaring that the Powell requirements have been met. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993). Once a prima facie case is made a

---

[2] Respondent does not seek an order compelling compliance with the summonses. Rather, respondent seeks denial of the petition since respondent believes that the third parties will voluntarily comply with the summonses in the event the petition is denied.

1  |  "heavy" burden is placed on the taxpayer to show
2  |  an "abuse of process" or "the lack of
   |  institutional good faith."  Dynavac, 6 F.3d at
3  |  1414.

Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995); accord Ponsford v. United States, 771 F.2d 1305, 1307-08 (9th Cir. 1985); Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).

The court finds that respondent has established a prima facie case under Powell by way of the declaration of Revenue Agent Denise Censire. Agent Censire declares that the purpose for the summonses issued to Bank of America; Dovenmuchle Mortgage, Inc.; U.S. Bank; and Gold Country Bank was to examine the federal income tax liabilities of petitioners for the tax years 1999 through 2004. (See Decl. of Denise Censire in Supp. of United States Opp'n to Pet. to Quash.) Agent Censire further declares that the records sought from Bank of America; Dovenmuchle Mortgage, Inc.; U.S. Bank; and Gold Country Bank may be relevant in determining petitioners' correct tax liabilities for those years. (See id.) Agent Censire declares that she therefore issued the Form 2039 summonses and served them on Bank of America; Dovenmuchle Mortgage, Inc.; U.S. Bank; and Gold Country Bank by certified mail. (See id.) Agent Censire avers that notice of the summonses was sent to petitioners in the form of a copy of the Form 2039 summonses by certified mail. (See id.) Further, Ms. Censire states that the records sought from Bank of America; U.S. Bank; and Gold Country Bank were not, at the time of her declaration, already in the possession of the IRS. (See id.) She states that

3

1  although Dovenmuchle Mortgage, Inc. sent the IRS a package of
2  documents in response to the summonses, the materials have not been
3  reviewed pending this court's ruling on the petition to quash.  (See
4  id.)  Ms. Censire declares that all required administrative steps
5  have been taken.  (See id.)  Finally, Agent Censire declares that
6  this matter has not been referred to the United States Department of
7  Justice as a criminal proceeding.  (See id.)

8        The declaration of Revenue Agent Censire satisfies
9  respondent's prima facie case by meeting all of the Powell
10 requirements.  The government has established its "good faith" by
11 providing evidence that the summonses were issued for a legitimate
12 purpose, that they seek information relevant to that purpose, that
13 they seek information not already in the IRS' possession, and that
14 all administrative steps required by the United States Code have been
15 met.  See Fortney, 59 F.2d at 119.  Therefore, the "heavy burden"
16 shifts to petitioners to show abuse of process or bad faith.

17       To satisfy the burden of establishing abuse of process or
18 bad faith, a petitioner is required to submit an opposing factual
19 affidavit.  See United States v. Balanced Fin. Management, 769 F.2d
20 1440, 1444 (10th Cir. 1985).  The taxpayer must allege specific facts
21 and cite evidence to support his or her allegations.  See Liberty
22 Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir.
23 1985); United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1347-48
24 (9th Cir. 1985).  Here, petitioners have not submitted a factual
25 affidavit opposing the affidavit of Agent Censire, and they therefore
26 fail to meet their burden on the petition to quash the summonses.

Moreover, none of petitioners' other legal challenges to the summonses have merit.  Petitioners assert that the IRS failed to give adequate notice that it intended to seek information from third parties as required by 26 U.S.C. 7602(c)(1), which provides as follows:

> An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

26 U.S.C. 7602(c)(1).  However, by letters dated August 17, 2005, and August 15, 2001, and sent to petitioners last know address (see Censire Decl., Ex. F), petitioners were clearly advised in plain language and sufficiently in advance that the IRS might be contacting other persons in its attempt to obtain unfiled returns from petitioners.  See 26 C.F.R. 301.7602-2(d)(1).[3]  Therefore, petitioners' argument regarding lack of notice has no merit.

---

[3] 26 C.F.R. 301.7602-2(d)(1) advises:

> An officer or employee of the IRS may not make third-party contacts without providing reasonable notice in advance to the taxpayer that contacts may be made.  The pre-contact notice may be given either orally or in writing.  If written notice is given, it may be given in any manner that the IRS employee responsible for giving the notice reasonably believes will be received by the taxpayer in advance of the third-party contact.  Written notice is deemed reasonable if it is --
>
> (i) Mailed to the taxpayer's last known address;
> (ii) Given in person;
> (iii) Left at the taxpayer's dwelling or usual place of business; or
> (iv) Actually received by the taxpayer.

5

Petitioners further assert that the summonses are overbroad and that "[t]he IRS possesses no evidence whatsoever that the Coxes were in any way connected to any revenue or income generating activity in each of the years named in the administrative summons[es]." (Pet. to Quash at 6.) Petitioners cite no authority to support these conclusory assertions. Further, with respect to whether the summonses are overbroad, the scope of materials sought is not overbroad, but typical of an administrative summonses such as those at issue here. The contention that petitioners are not "connected to any revenue or income generating activity" also misses the mark. As stated above, Agent Censire has declared that the very purpose of the administrative summonses is to determine whether petitioners have any tax liability for the years in question.

For these reasons, the undersigned will recommend that the petition to quash be denied.

**CONCLUSION**

Accordingly, the court HEREBY RECOMMENDS that petitioners Jimmie R. Cox and Sandra S. Cox's petition to quash the administrative summonses issued to Bank of America; Dovenmuchle Mortgage, Inc.; U.S. Bank; and Gold Country Bank be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

6

1  Recommendations."  The parties are advised that failure to file
2  objections within the specified time may waive the right to appeal
3  the district court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th
4  Cir. 1991).
5  DATED: February 3, 2006.

                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

10 DAD:th
   Ddad1\orders.civil\cox0474.f&r.hearing

7